This is a suit for severance pay allegedly required by 5 U.S.C. §5595. This court has denied a request for transfer to the United States District Court for the Eastern District of Pennsylvania, 28 U.S.C. §1506, ante at 818. The Merit Systems Protection Board has declined to take jurisdiction on grounds not now challenged. Plaintiff served in Philadelphia, Pennsylvania, as an area director of the Consumer Products Safety Commission, GS-15. He was ordered reassigned to agency headquarters at Bethesda, Maryland, but refused. The agency told him that its records indicated he was eligible for a Discontinued Service Retirement should he decline the reassignment. This is a type of annuity available to United States employees whose retirement is involuntary but not the result of misconduct. 5 U.S.C. §8336(d)(l). The period for full entitlement is shorter and *1011 defendant says plaintiffs service record shows he qualifies for it. Plaintiff declined the reassignment and has not applied for the Discontinued Service Retirement. He prefers to pursue the severance pay, but by 5 U.S.C. §5595(a)(2)(ii), it is not available to one who at the time of separation has "fulfilled the requirements for immediate annuity.”
Ignoring some palpably specious arguments, plaintiff contends he has not "fulfilled the requirements” because he has not applied for the annuity and the Office of Personnel Management has made no decision concerning his entitlement. We think that this, if true, does not control. The statutory plan seems clear. If Congress had meant to allow a severed employee to elect which benefit to take, it would have said so. The obvious intent is that the severance pay is not to be available to one who by length of service, age, and circumstances of termination, qualifies for an annuity.
Accordingly, defendant’s motion for summary judgment is granted and the petition is dismissed.